O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ALICIA Y. RODRIGUEZ,
Plaintiff,
v.
CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY,
Defendant.

Case No. ED CV 15-0292 JCG

**MEMORANDUM OPINION AND ORDER**

Alicia Y. Rodriguez ("Plaintiff") challenges the Social Security Commissioner ("Commissioner")'s decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected her credibility regarding her claim of debilitating shoulder, neck, and back injury. (S*ee* Joint Stipulation ("Joint Stip.") at 2-13, 22-23.) For the reasons outlined below, the Court disagrees.

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ

must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citations omitted).

Here, the ALJ provided three valid reasons for rejecting Plaintiff's credibility.

First, the objective medical evidence contradicted Plaintiff's allegations regarding both the severity of her symptoms and her functional limitations. (*See* Administrative Record ("AR") at 31); *see also Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (inconsistencies with objective evidence, when combined with other factors, are valid reasons for rejecting a claimant's testimony). Such medical evidence included, *e.g.*, (1) examination notes by Plaintiff's treating physician revealing that Plaintiff's shoulder appeared unremarkable and displayed normal motor strength; (2) medical tests, including an electromyogram and x-ray, showing normal, unremarkable findings; and (3) post-surgical treatment notes stating that Plaintiff's pain was lessened and she regained a "virtually full and unrestricted" range of motion in her shoulder. (*See* AR at 31-33, 461, 467, 473, 476, 520, 526, 527, 535, 542); *see also Lewis v. Astrue*, 238 F. App'x 300, 302 (9th Cir. 2007) (ALJ properly rejected claimant's credibility in part because objective evidence, including normal motor strength, contradicted claimant's alleged limitations); *Nemeth v. Colvin*, 2013 WL 5655556, at *2 (D. Ariz. Oct 17, 2013) (ALJ properly discounted claimant's testimony in part because shoulder surgery improved claimant's pain and range of motion); *Remick v. Astrue*, 2010 WL 3853081, at *6, *9-10 (C.D. Cal. Sept. 29, 2010) (ALJ properly rejected claimant's credibility in part because objective medical evidence, including normal electromyogram and x-rays, contradicted claimant's alleged limitations).

Second, Plaintiff's conditions improved with treatment. (*See* AR at 476, 520, 535); *see also Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006)

("Impairments that can be controlled effectively with medication are not disabling[.]"); *Douglas v. Astrue*, 2012 WL 4485679, at *23 (D. Or. Aug. 28, 2012) (ALJ properly rejected claimant's subjective complaints of upper extremity pain in part because medications, including cervical epidural steroid injections given by specialist, afforded claimant relief). For example, treatment notes from specialists revealed that steroid injections were effective in alleviating Plaintiff's pain in her shoulder, neck, and back.[1] (*See* AR at 476, 520, 535.)

Third, Plaintiff's daily activities – including preparing meals for her family[2] and performing household chores[3] – were inconsistent with her allegation of complete disability. (*See* AR at 30-31, 133, 135); *see also Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (in discounting claimant credibility, ALJ may properly rely on daily activities inconsistent with disability claim, including claimant's ability to cook meals and perform routine household chores). For instance, Plaintiff stated that she was able to sit for 90 minutes at a time before taking a break, and stand for 45 minutes to an hour while doing daily activities. (*See* AR at 30-31, 126, 132-35); *see also Gutierrez v. Comm'r Soc. Sec. Admin.*, 2014 WL 1225118, at *3 (D. Or. Mar. 24, 2014) (ALJ properly discredited claimant's testimony in part because she was able to perform household chores, such as preparing meals for 45 to 90 minute periods, and cleaning and doing laundry for 45 minute periods, provided she took breaks).

---

1 Specifically, Dr. Clifford Bernstein, after a pain management consultation, noted that Plaintiff had "very good pain relief in the right side of her neck, shoulder, and right upper extremity" following a cervical epidural steroid injection. (AR at 476.) Also, Plaintiff told another specialist, Dr. John Witczak, that a recent corticosteroid injection had given her relief. (*Id.* at 535.)

2 Plaintiff lives with her husband, their two children, and their two grandchildren, and testified that she would "prepare something for dinner for the kids[.]" (AR at 133.)

3 Plaintiff testified that she would "clean the kitchen a little bit" before taking a break. (AR at 135.)

Accordingly, the Court finds that substantial evidence supports the ALJ's decision that Plaintiff was not disabled. *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: December 11, 2015

Hon. Jay C. Gandhi
United States Magistrate Judge

***

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

***